FILED
MISSOULA, MT

2007 FEB 23  PM 3 30

PATRICK E. DUFFY
BY _____
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| SHERI ELLIS, | ) | CV 06-25-M-DWM-CSO |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Ellis brings this action under 42 U.S.C. §§ 401 et seq., 1381 et seq. seeking judicial review of the Commissioner of Social Security's decision denying her application for disability insurance benefits and supplemental security income benefits. United States Magistrate Carolyn S. Ostby entered Findings and Recommendations in this matter on January 24, 2007. The Court adopts the Findings and Recommendation in full.

Ellis objected to the Findings and Recommendation and so she is entitled to de novo review of the record pursuant to 28 U.S.C. § 636(b)(1). The Commissioner's decisions may be reversed only

if they are not supported by substantial evidence or if they are based upon legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support such a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted). These standards guide the Court to affirm the Commissioner and Judge Ostby.

Judge Ostby found that the administrative law judge properly determined that Ellis was not disabled for purposes of the Social Security Act. While the administrative law judge found that Ellis suffered from severe impairments, both physically and mentally, they did not suffice under the Listing of Impairments.[1] The administrative law judge further determined that she was not disabled because she could perform previous work and could "engage in any other kind of substantial gainful work which exists in the national economy." *Scneider v. Commr. of Social Security Administration*, 223 F.3d 968, 974 (9th Cir. 2000) (citation omitted). The administrative law judge also found that Ellis's allegations of disability were not entirely credible.

---

[1] Ellis suffered from right thoracic myositis, a generalized anxiety disorder, and a pain disorder associated with her psychological and medical conditions.

Notably, Judge Ostby observed that Ellis was found capable of performing her past work as a cleaner, child monitor, drycleaner, and cider demonstrator.

On appeal Ellis argued that the administrative law judge improperly failed to account for the opinions of her treating physicians, overlooked other medical conditions, and improperly doubted her credibility.  Upon review, I concur with Judge Ostby's reasoning that substantial evidence supports the administrative law judge's determinations of these issues and no legal error occurred.

Specifically, the administrative law judge gave appropriate deference to the opinions of Dr. Edward Erbe, Dr. Carla Davis, and Dr. Randale Sechrest.  Where the administrative law judge partially disagreed with their opinions the judge provided adequate reasoning based upon substantial evidence, and at times, the deviations were even based upon the doctors' own findings that were contrary to their conclusions.

The Court notes Ellis's objections about Judge Ostby's use of 20 C.F.R. § 404.1527.  While Judge Ostby may not have cited the regulation to the letter as Ellis insists, Judge Ostby properly applied the deferential standard of review to the administrative law judge as well as to the treating doctors. Notably, Ellis's objection concerning the treatment of the doctors' opinions does not adequately account for the Ninth Circuit case law standards that allow judges the leeway to affirm administrative law judges even though they may disregard the

-3-

opinions of treating physicians. *See Magallanes v. Brown*, 881 F.2d 747, 751 (9th Cir. 1989). A treating physician's opinion is not "necessarily conclusive" as to the condition or a dispositive finding. *Id.* If an administrative law judge rejects the uncontroverted opinion of a treating physician there must be clear and convincing evidence that is supported by substantial evidence within the record. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

Judge Ostby supported the administrative law judge's determinations that both the findings and the inconsistencies within the treating doctors' work sufficiently constituted specific and legitimate reasons to reject portions of the doctors' reports. The administrative law judge also appropriately favored the diagnosis of the specialist, Dr. Erbe, over that of a generalist, Dr. Davis. *See Andrews v. Shalala*, 53 F.3d 1035, 142 (9th Cir. 1995). In the instance of Dr. Sechrest, Ellis failed to properly identify the deficiencies in the administrative law judge's decision. The reasoning for rejecting portions of the treating physicians' opinions, therefore, complies with the pertinent case law standards.[2]

Finally, Ellis's arguments regarding the credibility finding fail as well because there is substantial evidence supporting the administrative law judge's determination. Judge Ostby properly

---

[2] Likewise, the administrative law judge appropriately considered evidence of other medical evidence–back pain, myositis, and the testimony of Dr. Paul Bach.

-4-

determined that pursuant to *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1996) and the factors set forth in SSR 96-7p, the administrative law judge substantiated the findings affecting credibility where Ellis 1) continued to work in her old position at school despite her allegations of total disability; 2) testified that she worked for as many hours as the school made available and had told school personnel that she would work more hours; 3) had worked as many as 28 hours in a week during the school year; 4) described a substantial list of daily activities that were incongruous with her claimed disability; and 5) received unemployment benefits when that is available to people who hold themselves out as potential workers. These findings by the administrative law judge substantiate the determination that Ellis was not entirely credible.[3]

Consequently, the standard of review compels this Court to adopt the Findings and Recommendation where the determinations regarding Ellis were supported by substantial evidence. Furthermore, as explained in the *Thomas* decision, the administrative law judge's conclusion must be supported when they are supported by a ration interpretation of the evidence. That is the case here.

---

[3] Contrary to the objections, the Magistrate sufficiently reviewed the points of testimony by Ellis that undermined her credibility in light of the factors enumerated by SSR 96-7p. The factors may not have been specifically applied to each aspect of testimony, but the juxtaposition of the testimony to the factors reveals why the administrative law judge properly found Ellis not entirely credible.

In conclusion, I adopt Judge Ostby's Findings and Recommendation (dkt #20) in full.

Accordingly, IT IS HEREBY ORDERED that the Commissioner's motion for summary judgment (dkt #15) is GRANTED; and

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (dkt #9) is DENIED.

DATED this 2nd day of February, 2007.

_____
Donald W. Molloy, Chief Judge
United States District Court